ELISHA W. HYDORN, RESPONDENT, *v.* MARIA J. CUSH-MAN, APPELLANT.

*Agent — admissions of — when inadmissible against his principal.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The defendant, in 1871 and 1872, had the title to certain lots of land, but had verbally contracted, in 1870, to sell them to one Clement for $1,300. He paid them about $27. Clement built a house on the lots, costing about $1,200, and the defendant

advanced him for that purpose about that amount. In 1871 the city ordered the lots and the street in front to be filled, and the plaintiff did the work. Afterwards, in 1872, Clement abandoned the property, and the defendant took it back. The question litigated in this action is, whether or not the defendant employed the plaintiff to do this work, or whether he had been employed by Clement. B. Tallmadge Cushman, a son of the defendant, had acted as her agent in taking charge of her property, and was claimed by plaintiff to have been present at an interview when defendant agreed to have plaintiff do the work.

The court, at General Term, after examining the evidence and holding that the verdict could be sustained, said : " Another question of importance relates to the admission of evidence. The plaintiff called a witness, Fuller, who testified that B. Tallmadge Cushman employed him to ascertain the amount of filling put in these lots. There was evidence enough of Cushman's agency to permit evidence of a contract or transaction made by him, which was material to the case. The witness was further allowed to state that Cushman told him ' he thought it was going to be very burdensome on them, and they might as well let the lots go.' This was objected to, and an exception taken. Its value as evidence for the plaintiff was only as an admission by Cushman, the agent of the defendant, that the lots were defendant's, and that she was the person who was to have the work done. Again, at another interview the witness testified that B. Tallmadge Cushman said, ' he supposed he had bargained with Mr. Hydorn to fill it.' This was objected to, and an exception taken. This, too, was material only as an admission by the agent of the defendant that the work was done under contract with her.

What an agent does in the scope of his employment is a fact, material and admissible. " What he says is not binding on his principal, unless it modifies the contract or characterizes the act which he is doing for the principal. It must be a part of or connected with some transaction then being done by him for the principal, so as to be a part of the *res gestœ*. The admissions of B. Tallmadge Cushman did not in any way qualify the only act which he was then doing, which was the requesting Fuller to have an estimate made of the amount of the filling.

" We think, therefore, that it was error to admit this evidence. On reading the whole case, any one who has had experience in the trial of causes, will probably be satisfied that this evidence did not affect the result. The charge of the court shows that the case was made to turn on the question, whether or not there was an actual contract made between the parties. This was what the jury really passed upon. But it is assumed, as a rule of law, that the jury remember every part of the evidence as accurately as the stenographer takes it down; and, therefore, the improper admission of this evidence is ground for a new trial. Justice would be promoted, if new trials were granted only when the court could see that the evidence had in fact injured the appellant." (*Baird* v. *Gillett*, 47 N. Y., 186.)

Judgment reversed; new trial granted; costs to abide event.

*Esek Cowen*, for the appellant. *Henry A. Merritt*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order reversed, and new trial granted; costs to abide event.